**Allen P. TUFTS and Debra R. Tufts, Plaintiffs-Appellants,**

v.

**DEPARTMENT OF the AIR FORCE, Defendant-Appellee.**

**No. 85–1794.**

United States Court of Appeals, Tenth Circuit.

June 11, 1986.

Mark F. Anderson, of Joseph, Robison & Anderson, P.A., Wichita, Kan., for plaintiffs-appellants.

Daniel E. Bensing, Atty. (Richard K. Willard, Acting Asst. Atty. Gen., Civ. Div., Dept. of Justice, Benjamin L. Burgess, Jr., U.S. Atty., for the Dist. of Kan., and Leonard Schaitman, Atty., Civ. Div., Dept. of Justice, with him, on brief), Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HOLLOWAY, Chief Judge, McKAY, Circuit Judge, and BRATTON, Chief District Judge.*

McKAY, Circuit Judge.

Allen and Debra Tufts appeal the district court's summary judgment that the Department of the Air Force did not violate the Privacy Act, 5 U.S.C. § 552a (1982), by destroying an investigative file created when Allen Tufts filed a complaint on behalf of his wife, Debra. In its memorandum and order, the district court noted that the Privacy Act is concerned "not merely with whether a file exists, but the contents and use to which the file is put." Record, vol. 1, at 87. Consequently, the court declared Debra Tufts' rights under the Act were not violated by the destruction of the file. The Tufts claim that summary judgment was improper because they demonstrated Privacy Act violations and actual damages due to the destruction of the file.

The Tufts are former enlisted members of the Air Force. While they were assigned to McConnell Air Force Base, Kansas, Allen filed a complaint with the Air Force Inspector General alleging sexual discrimination against Debra by her squadron commander. The Inspector General referred the complaint to the McConnell AFB social actions office, which opened a case file and assigned members of its staff to investigate the claim.

During the investigation, a civilian employee working in Debra's squadron complained to the civilian personnel office that the social actions investigators were spreading rumors that she was engaged in an illicit relationship with the squadron commander. The employee's complaint was subsequently presented to the Inspector General who determined that the investigation was being conducted improperly and that the social actions case file contained information not relevant to the issue of discrimination against Debra Tufts.

Thereafter, the Inspector General told Debra that, because he was dissatisfied with the investigation, he had decided to terminate it and to destroy the social actions file. The Inspector General then ordered a review of management practices in Debra's squadron. As a result, Debra's squadron commander was relieved of command and transferred, and Debra was assigned to work in a different office. Sometime after these events and pursuant to the Privacy Act, the Tufts requested access to the social actions file. When they were told that the file had been destroyed, they commenced this action.

The Tufts allege that the Inspector General's destruction of the social actions file violated 5 U.S.C. § 552a(g)(1)(C)-(D) (1982) (Privacy Act of 1974),[1] thereby exposing

---

* Honorable Howard C. Bratton, Chief Judge, United States District Court for the District of New Mexico, sitting by designation.

1. This section provides in part:
   Whenever any agency
   ....
   (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
   (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

the government to liability for damages under subsection 552a(g)(4).[2]

■ We find nothing in the Privacy Act of 1974 or its extensive legislative history that suggests the destruction of an official record gives rise to a cause of action under subsections 552(g)(1)(C) or (D). The purpose of the Privacy Act is, in part:

to provide certain safeguards for an individual against an invasion of personal privacy by requiring Federal agencies, except as otherwise provided by law, to—

(1) permit an individual to determine what records pertaining to him are collected, maintained, used, or disseminated by such agencies;

(2) permit an individual to prevent records pertaining to him obtained by such agencies for a particular purpose from being used or made available for another purpose without his consent;

(3) permit an individual to gain access to information pertaining to him in Federal agency records, to have a copy made of all or any portion thereof, and to correct or amend such records;

(4) collect, maintain, use, or disseminate any record of identifiable personal information in a manner that assures that such action is for a necessary and lawful purpose, that the information is current and accurate for its intended use, and that adequate safeguards are provided to prevent misuse of such information....

Privacy Act of 1974, Pub.L. No. 93–579, § 2(b), 88 Stat. 1896, *reprinted in* 1974 U.S.Code Cong. and Ad.News 2177, 2178; *see also* S.Rep. No. 1183, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. and Ad.News 6916, 6916–17. To accomplish these purposes, the Air Force has published Air Force Regulation (AFR) 12–35, Air Force Privacy Act Program (June 3, 1985). Under its provisions, an individual may determine whether the Air Force is maintaining records on him and, if so, when and where the records may be reviewed. The Tufts have not argued that the Air Force denied their Privacy Act request to view the social actions file. Indeed, it appears that the Air Force complied with AFR 12–35 when it told the Tufts that, in effect, it no longer maintained their file. In our view, this accurate disclosure of the absence of the social actions file fulfilled the Air Force's obligations to the Tufts under the Privacy Act.

■ We do not doubt that the Tufts are genuinely distressed by the destruction of their social actions file. Nor do we doubt that the file would have been a useful investigative tool in their effort to further pursue Debra's claim of sexual discrimination. But the destruction of the file does not constitute a violation of the Privacy Act for which the Tufts may claim damages from the Air Force. The Privacy Act was created to protect individuals against invasions of their privacy flowing from the misuse of existing files, not to mandate, as the Tufts claim, that files be created and maintained.

In our view, the Tufts' argument on appeal reflects nothing more than dissatisfaction with the result of an administrative procedure established by the Air Force to ensure non-discriminatory treatment of its members. Debra Tufts, as an enlisted member of the Air Force, invoked her right under AFR 30–2, Social Actions Program (June 22, 1981), to have her complaint of discrimination investigated by the social actions office. The record makes clear that in response to her complaint and in conformity with its governing regulation, the

---

5 U.S.C. § 552a(g)(1) (1982).

**2.** This subsection provides in part:

In any suit brought under the provisions of subsection (g)(1)(C) or (D) or this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in the amount equal to the sum of—

(A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000....

5 U.S.C. § 552a(g)(4) (1982).

Air Force opened a social actions case file, investigated the charge, and administered the corrective measures it found warranted by the circumstances. If the Tufts are dissatisfied with the social actions investigation or the Inspector General's administrative control of it, their proper course of appeal lies in the procedures for review established by AFR 30-2, or by AFR 123-11, Inspector General Complaint System (Dec. 30, 1983). In any event, because the Privacy Act does not require executive agencies to maintain files against the slight chance that they may serve some investigative purpose, we affirm the judgment of the district court.[3]

---

**3.** Nothing in our holding should be interpreted as approving of the destruction of the social actions file. In our view, the Inspector General's decision to destroy the file, however well-intentioned, was ill-considered and possibly a vio- lation of Air Force Manual 12-50 (May 14, 1984), which prohibits the destruction of documentation on the basis of individual opinion that it has no value.